FILED IN CLERK'S OFFICE
U.S.D.C.  Atlanta

MAY 1 8 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ———————————————— x | | |
| In re IMMUCOR, INC. SECURITIES LITIGATION | : : : | Civil Action No. 1:05-cv-02276-WSD |
| ———————————————— | : | CLASS ACTION |
| This Document Relates To: | : : | |
| ALL ACTIONS. | : | |
| ———————————————— x | | |

## ~~[PROPOSED]~~ ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending before this Court entitled *In re Immucor, Inc. Securities Litigation*, Civil Action No. 1:05-cv-02276-WSD (the "Litigation");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of May 14, 2007 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Class defined as all Persons (other than those Persons who timely and validly request exclusion from the

- 1 -

Class) who purchased Immucor common stock during the Class Period, which commences on August 16, 2004 and extends to and through August 29, 2005. Excluded from the Class are Defendants, members of the immediate family of any individual Defendant, any entity in which any Defendant has or had a controlling interest, current and former directors and officers of Immucor, and the legal representatives, heirs, successors, or assigns of any such Defendant.

3.    The Court finds, for the purposes of the settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the settlement only, Lead Plaintiffs are certified as the class representatives.

5.     A hearing (the "Settlement Hearing") shall be held before this Court on September 20, 2007, at 9:30 a.m., at the United States District Court for the Northern District of Georgia, Atlanta Division, Richard B. Russell Federal Building and United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein; and whether the proposed Plan of Allocation should be approved.   In accordance with a schedule to be established by the Court, a hearing shall be held to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

6.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities

Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.      Lead Counsel are hereby authorized to retain the firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than May 31, 2007 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)     Not later than May 31, 2007, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c)     At least seven (7) days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.      Nominees who purchased Immucor common stock during the period beginning August 16, 2004 and extending to and through August 29, 2005 for the beneficial ownership of another Person shall send the Notice and the Proof of Claim to such beneficial owners of such Immucor common stock within ten (10) days after

- 4 -

receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

9.     All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

10.     In order to be entitled to participate in the Net Settlement Fund, in the event the settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than September 28, 2007. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Lead Counsel may allow the Claims Administrator to accept

- 5 -

for processing late filed claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

(b)  The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (ii) for Class Members who purchased more than 1,500 shares of Immucor common stock during the Class Period, it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or other such documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein.  For Class Members who purchased 1,500 or less shares of Immucor common stock and who do not know the exact date(s) on which or price(s) at which the shares were purchased or sold, such shareholders are required only to state the number of shares and estimate the date(s) and price(s) of such purchases and sales and provide the name of the brokerage firm(s) that

the shareholder used to buy or sell such shares. Lead Counsel may allow the Claims Administrator to waive non-substantive defects in any Proof of Claim submitted in the interests of achieving substantial justice.

(c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the settlement) release all Released Claims as provided in the Stipulation.

11.    Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12.    Pending final determination of whether the settlement should be approved, neither the Lead Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

13.    Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than August 30, 2007. A Request for Exclusion must be signed and state the name of the Person requesting exclusion and an estimate of the number of shares of Immucor common

stock purchased between August 16, 2004 and August 29, 2005.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

14.    Any Member of the Class may appear at the Settlement Hearing and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should not be approved as fair, reasonable, and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiffs or why one of the Lead Plaintiff's application for his time spent in prosecuting the action should not be awarded; provided, however, that the Court requests that a Class Member or any other Person who wants to object to the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the requested attorneys' fees and expenses to be awarded to counsel for the Lead Plaintiffs that the Person serve on the following counsel (delivered by hand or sent by first class mail) written objections and copies of any papers and briefs in support thereof such that they are received on or before August 30, 2007 by: Lerach Coughlin Stoia Geller Rudman & Robbins LLP,

- 8 -

Jeffrey D. Light, 655 West Broadway, Suite 1900, San Diego, California 92101, Chitwood Harley Harnes LLP, Meryl W. Edelstein, 2300 Promenade II, 1230 Peachtree Street, N.E., Atlanta, Georgia 30309, and Tiana S. Mykkeltvedt, Bondurant Mixson & Elmore, LLP, 3900 One Atlantic Center, 1201 West Peachtree Street, N.W., Atlanta, Georgia 30309, and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division, on or before August 30, 2007. The Court requests that any objection should contain a written notice of the grounds for opposing the settlement, Plan of Allocation, application for attorneys' fees and costs and expenses or Lead Plaintiffs' expenses and must demonstrate the objecting Person's membership in the Class by including: (a) the objecting Person's name, address, and telephone number; (b) the number of shares of Immucor common stock purchased and sold during the Class Period by the objecting Person; and (c) a statement of the reasons for objection.

15.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person who is not a Class Member or counsel to the Lead Plaintiffs shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

16.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.    All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees or reimbursement of expenses shall be filed with the Court and served at least seven (7) days prior to the Settlement Hearing.

18.    Neither Defendants nor Defendants' counsel shall have any responsibility for the selection or performance of the Escrow Agent, the Claims Administrator, the Plan of Allocation or any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and the Court may consider these matters separately from the fairness, reasonableness and adequacy of the settlement.

19.    At the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel shall be approved.

20.    At a subsequent hearing to be set by the Court at the Settlement Hearing, the Court will determine whether the application for attorneys' fees or reimbursement

of expenses shall be approve, and determine whether any application for time spent by Lead Plaintiffs in prosecuting this case shall be approved.

21.    All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred in accordance with the Stipulation or disbursed pursuant to an order of the Court from the Settlement Fund for such reasonable expenses.

22.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, of any liability, fault, or wrongdoing of any kind, or of the propriety of class treatment for Lead Plaintiffs' claims except in the context of this settlement.

23.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED this __18th__ day of ___May___, 2007.

_____

THE HONORABLE WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

Submitted by,

CHITWOOD HARLEY HARNES LLP


 /s/ Meryl W. Edelstein_____
MARTIN D. CHITWOOD
Georgia State Bar No. 124950
GREGORY E. KELLER
Admitted pro hac vice
MERYL W. EDELSTEIN
Georgia State Bar No. 238919
2300 Promenade II
1230 Peachtree Street, NE
Atlanta, GA  30309
Telephone:  404/873-3900
404/876-4476 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
JACK REISE
DOUGLAS WILENS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

Co-Lead Counsel for Plaintiffs