IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE IMMUCOR, INC.<br>SECURITIES LITIGATION | 1:05-cv-2276-WSD |

# ORDER AND FINAL JUDGMENT

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds [75] ("Plaintiffs' Approval Motion")[1]. The terms of the settlement are set forth in the Stipulation of Settlement [71] (the "Settlement Agreement") between Plaintiffs and Defendant Immucor, Inc. ("Immucor").

---

[1] Also before the Court is Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [76]. As the Court stated at the hearing on the Motion of Final Approval held on September 20, 2007, the Court defers consideration of this motion until the date for the filing of claims has passed and the claims administrator provides the Court with a report on the class response to the settlement. Counsel for the class advised the Court that the final date for filing claims is September 28, 2007, and that the claims administrator would need approximately sixty (60) days to prepare its report. Accordingly, the Court directs that the claims administrator's report be filed with the Court on or before November 21, 2007. A hearing on the motion for attorneys fees shall be conducted on December 12, 2007, at 10:00 am in Courtroom 1705, at 75 Spring Street, SW, Atlanta, Georgia, 30303.

On September 20, 2007, this Court held a hearing pursuant to Federal Rule of Civil Procedure 23(e)(1)(c)(3) to determine the fairness, reasonableness, and adequacy of the Settlement Agreement (the "fairness hearing"). Having considered the terms set forth in the Settlement Agreement, the information submitted in Plaintiffs' Motion for Final Approval of Class Action Settlement, and the presentations of the parties at the fairness hearing, the Court finds that the Settlement Agreement is fair, reasonable, and adequate, and not the product of collusion, except that the Court defers its decision on Plaintiffs' application for attorneys' fees as set forth in ¶¶ 6.1-6.2 of the Settlement Agreement and in Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses.

This Court has "a heavy duty to ensure that any settlement is fair, reasonable, and adequate. . . ." Piambino v. Bailey, 757 F.2d 1112, 1139 (11th Cir. 1985). The Court must guard against "the potential for a collusive settlement, a sellout of a highly meritorious claim, or a settlement that ignores the interests of minority class members. . . ." Id. A settlement "should stand or fall on the adequacy of its terms. . . . If the terms are fair, the court may reasonably conclude that counsel did perform adequately." In re Corrugated Container Antitrust Lit.,

643 F.2d 195, 211 (5th Cir. 1981).[2] The factors for assessing settlement terms include the likelihood of success at trial; the range of possible recovery; the point on or below the range of possible recovery at which settlement is fair, adequate and reasonable; the complexity, expense, and duration of the litigation; the substance and magnitude of opposition to the settlement by the Class; and the stage of proceedings at which the settlement was achieved. Bennett v. Behring Corp, 737 F.2d 982, 986 (11th Cir. 1985).

The parties represented at the fairness hearing and in the motion for approval of the Settlement that a notice of settlement (the "Notice") substantially in the form approved by the Court in the Order Preliminarily Approving Settlement and Providing For Notice (the "Preliminary Order") was mailed to all purchasers of Immucor common stock during the period commencing August 16, 2004 and extending to and through August 29, 2005, excluding Defendants, immediate family members of Defendants, entities in which Defendants or any excluded person has a controlling interest, officers and directors of Immucor and its legal affiliates, and the representatives, heirs, controlling persons, successors,

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit rendered prior to October 1, 1981.

and predecessors-in-interest or assigns of any excluded party (collectively, the "Class").

The identity of Class members was determined by the records of Immucor's transfer agent, and notices were sent to the shareholder addresses set forth in such records.[3] The parties further represented at the fairness hearing that a summary notice of the fairness hearing was published in *Investors Business Dailey* pursuant to the Court's specifications in the Preliminary Order. The Court finds that the Class was given adequate opportunity to respond to the Notice, to object to the terms of the Settlement Agreement, and to submit proofs of claim.[4]

With respect to the Class, this Court finds and concludes, in the context of this settlement, that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of

---

[3] To the extent that shares were held in the street name of a broker or securities dealer, the broker or dealer either itself sent notice to the individual shareholder or provided the shareholder's name and address to the Claims Administrator, who then sent notice to the individual shareholder.

[4] The Court notes that the burden of the proof of claim requirement for shareholders possessing fewer than 1500 shares was lightened considerably pursuant to the Settlement Agreement. The Court further notes that of the 37,841 notices sent, only one objection was filed. That objection addressed the Plan of Allocation and not the substance of the Settlement.

law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interest of the Class Members; and (e) a class action is a superior to other available methods for the fair and efficient adjudication of the controversy, considering: i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

Pursuant to rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all Persons (other than those Persons who timely and validly requested exclusions from the Class) who purchased Immucor common stock during the period commencing August 16, 2004, and extending to and through August 29, 2005.

The notice given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the class who

could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice satisfied the requirements of Federal Rule of Civil Procedure 23, § 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and all other applicable law.[5]

The Court has considered independently the fairness, reasonableness, and adequacy of the Settlement Agreement.  During the fairness hearing, the Court required and received comprehensive and thoughtful presentations from the parties regarding the strengths and weaknesses of the claims remaining in Plaintiffs' case, the potential recovery from the remaining claims, the manner in which potential recovery was calculated and evaluated, the probability of success on liability and damages for the claims, including the impact of the foreign discovery, the difficulty of acquiring evidence in a foreign language, the ability of Plaintiffs' to present their case based on the extensive need for interpretive

---

[5] The Court notes that only two stockholders, each owning only small amounts of stock, have opted out of the Settlement Agreement.

services and other evidentiary difficulties presented by this case, the evidence available supporting the remaining claims and defenses, the conduct of the mediation proceedings, the ongoing involvement of a well-qualified mediator in resolving these claims, the course, content, and manner of settlement negotiations between the parties, the expert damage analyses provided to the parties, the adequacy of the notice process, the manner of allocation of the settlement funds, and the lack of substantial objection by the Class.

From the parties' presentations and the substance of the briefing, the Court concludes that the settlement amount is fair, reasonable, and adequate. Plaintiffs would have faced significant problems proving both their liability and damages case for the claims at issue in this action.

Specifically, Defendant demonstrated significant problems with Plaintiffs' ability to prove the loss causation with regard to the stock loss alleged. Defendant also set forth a substantial causation defenses for all claims, including whether other announcements or market events account for the share price decrease which Plaintiffs allege supports the losses claimed. The settlement amount of $2.5 million represents a substantial recovery in light of the total damages, which Plaintiffs estimate at little over $16 million. In light of the Plaintiffs' low chances

of recovery and the substantiality of the settlement amount in light of the total potential damages if they prevailed at trial, the Court finds $2.5 million to be a fair, reasonable, and adequate settlement amount.

The Court considered carefully the single objection filed by a shareholder. This objection pertained to the plan of allocation, and did not object to the substance of the settlement agreement. The Court also considered whether the lack of objections was a result of shareholder apathy, insufficiency in the notice process, or whether the number was low simply because the Settlement Agreement was not objectionable. The Court did not find any insufficiencies in the notice process as presented by the parties at the fairness hearing. While the Court believes most shareholders are not likely to receive a significant monetary amount from the Settlement Agreement, and thus have little incentive to participate in the process, the Court notes that the objection filed was by a small shareholder, and finds that the lack of objections is most likely due to the simple fact that the Settlement Agreement is fair, adequate, reasonable, and represents a good recovery for the Class.

Having considered the submissions and presentations of the parties, the objections of the Class members, the Court's assessment of the strength of

Plaintiffs' case, and the nature of securities action settlements generally, the Court concludes that the Settlement is fair, reasonable, and adequate, has been arrived at in the interests of the Class, is the product of an arms' length negotiation between the parties, and is not collusive.  The Court further concludes that the pro-rata nature of the Plan of Allocation is fair to the Class as a whole.  The Court does not in this Order reach a final decision regarding Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Final Approval of Class Action Settlement [75] is **GRANTED IN PART** and **DEFERRED IN PART**.  The Motion is **GRANTED IN PART** to the extent that the Court **APPROVES** the Stipulation of Settlement [75], except those portions of the Settlement Agreement pertaining to attorneys' fees, which, along with Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [76], are **DEFERRED** for consideration at a later hearing in accordance with the terms of this Order.  The Parties are directed to consummate the Stipulation of Settlement in accordance with the terms and provisions found therein, except as noted above.

It is **FURTHER ORDERED** that Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [76] is **DEFERRED** until after a hearing on this issue is held in accordance with the terms of this Order.

It is **FURTHER ORDERED** that Plaintiffs shall, on or before November 21, 2007, submit the following information regarding claims filed by members of the Class:

1. The number of qualified claimants in the class,

2. The average dollar amount of qualified claims for each class

3. The aggregate dollar amount of qualified claims in each class; and

4. The range, in dollars, of claim amounts for each class.

It is **FURTHER ORDERED** that a hearing on the Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [76] shall be held on December 12, 2007, at 10:00 a.m., 1721 U.S. Courthouse, 75 Spring Street, SW, Atlanta, Georgia, 30303.

It is **FURTHER ORDERED** the Complaint [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 26th day of September, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE