**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| _____ ) | | |
| IN RE IMMUCOR, INC. ) | Civil Action | |
| SECURITIES LITIGATION ) | No. 1:05-CV-2276-WSD | |
| _____ ) | | |

**PLAINTIFFS' MOTION FOR DISTRIBUTION OF
CLASS SETTLEMENT FUND AND MEMORANDUM IN SUPPORT**

COME NOW Plaintiffs and request that this Court enter the proposed Settlement Distribution Order (the "Distribution Order") providing for *inter alia*: (a) approval of the claims administration processing procedures undertaken by Plaintiffs' professional claims administrator, Gilardi & Co. LLC. ("Gilardi"), conducted at the direction and under the supervision of Plaintiffs' Co-Lead Counsel, and in accordance with the plan of allocation as well as the notice and administration provisions set forth in the Stipulation of Settlement dated May 14, 2007, (the "Stipulation"), and approved by this Court in its Order and Final Judgment (the "Final Judgment") dated September 26, 2007; (b) approval of the determinations and calculations made by Gilardi and approved by Plaintiffs' Co-Lead Counsel with respect to claims filed and administered; (c) payment of all currently outstanding administrative fees and expenses of Gilardi; (d) distribution of

the net proceeds of the Settlement obtained in the Action (the "Net Settlement Fund") to eligible claiming Class Members; and (e) authorization for the destruction of paper copies of Proof of Claim forms one year after distribution of the Net Settlement Fund, and for the destruction of electronic copies of claim records three years after distribution of the Net Settlement Fund.

In support of this motion, Plaintiffs offer the Affidavit of Lara McDermott dated June 26, 2008, of Gilardi, in Support of Lead Plaintiffs' Motion for Initial Distribution of the Net Settlement Fund ("McDermott Affidavit"), attached hereto as Exhibit 2. Plaintiffs also state as follows:

**BACKGROUND OF THE SETTLEMENT**

The Court has certified a settlement Class of all persons and entities who purchased or otherwise acquired Immucor, Inc. ("Immucor") common stock between August 16, 2004 and August 29, 2005, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Class are Defendants, members of the immediate families of the Defendants, any entity in which Defendants or any excluded person has or had a controlling interest, the officers and directors of Immucor during the Class Period and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. Also excluded from the Class are any Class Members who excluded

themselves by filing a request for exclusion in accordance with the requirements set forth in the Settlement Notice.

Pursuant to the Stipulation, as consideration on behalf of the Class, Defendants caused to be paid $2,500,000 in cash (the "Settlement Fund") into an interest bearing escrow account. Stipulation, ¶ 2.1. The Settlement Fund has earned interest since October 2007.

**BACKGROUND OF THE ADMINISTRATION**

In connection with the process of obtaining final Court approval of the then proposed Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court entered the Preliminary Order For Notice and Hearing In Connection With Settlement Proceedings dated May 18, 2007 (the "Preliminary Approval Order"). As directed in the Preliminary Approval Order, Plaintiffs' Co-Lead Counsel caused Gilardi to issue the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim and Release form (the "Proof of Claim"), in the forms approved by the Court, to be mailed to persons and entities who are members of the Class and who could be reasonably identified from Immucor's stock transfer records. The Notice also provided instructions to banks, brokerage firms and other possible nominees holding Immucor shares purchased during the Class

Period for the beneficial interest of others, or "street name" holders, to forward the Notice on to such beneficial holders, or provide the names and last known addresses of such beneficial holders to the Claims Administrator, who, in turn, would mail the Notice and Proof of Claim directly to such beneficial holders.  In addition, pursuant to the Preliminary Approval Order, Plaintiffs' Co-Lead Counsel caused a Summary Notice of Proposed Settlement of Class Action and Settlement Hearing ("Publication Notice"), in the form approved by the Court, to be published on May 31, 2007, in *Investor's Business Daily*.  After conducting the final approval hearing on September 20, 2007, this Court entered the Final Judgment on September 26, 2007.

Pursuant to the Stipulation, this Court retains jurisdiction for the purpose of enforcing the terms of the Stipulation and related agreements.  Stipulation ¶ 8.13.  This includes, but is not limited to, jurisdiction over all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; and disposition of the Settlement Fund.

**ADMINISTRATION OF THE SETTLEMENT**

The plan of allocation is set forth in the Notice and was approved by this Court as part of the Final Judgment.  Final Judgment at 9.  The plan of allocation

provides that each Authorized Claimant will be entitled to receive a *pro rata* share of the Net Settlement Fund determined by the ratio that such Authorized Claimant's "Recognized Claim" (as defined in the plan of allocation set forth in the Notice and approved by the Court) bears to the Recognized Claim of all Authorized Claimants.

As demonstrated by the McDermott Affidavit, all procedures required by the notice and administration provisions and the plan of allocation set forth in the Stipulation and all other steps necessary for the review, processing, validation and calculation of claims submitted by potential Class members have now been completed.

A total of 6,906 Proof of Claim forms were filed by putative Class members ("Claimants"). Without regard to timeliness, 2,898 of these Proof of Claim forms were determined to be valid in whole or in part and 4,008 were determined to be deficient for various reasons such as the claim did not fit the definition of the Class, the claim was duplicative, or the claim did not result in a Recognized Claim as calculated in accordance with the plan of allocation.

Deficiency letters in the forms annexed as Exhibit A to the McDermott Affidavit were mailed to all Claimants with deficient claims. Much time and effort were then devoted to assisting Claimants in fully and properly completing their claims. As a result of these efforts, a substantial number of deficient claims were

properly completed and the deficiencies were cured.

Pursuant to the Preliminary Approval Order, the initial deadline for Class members to file claims was September 28, 2007. Based upon the extensive efforts of Gilardi to assist Claimants in properly completing their Proof of Claim forms, 2,898 of the 6,906 claims that are being recommended for final approval by the Court have been determined to be timely and valid.[1] The list of timely and valid claims are listed in a schedule annexed as Exhibit C-1 to the McDermott Affidavit. These claims represent $44,754,242 in Recognized Losses. Plaintiffs' Co-Lead Counsel recommend that these claims be approved by the Court and that the Claimants who submitted these claims receive *pro rata* distributions from the Net Settlement Fund equal to the percentage each such Claimant's Recognized Loss represents to all Recognized Losses approved for payment by the Court.

Following the extensive effort by Gilardi to assist Claimants who had filed claims to cure deficiencies in those claims, Gilardi ultimately identified 1,974 claims warranting complete rejection. The foregoing 1,974 claims are listed in a schedule annexed as Exhibit C-2 to the McDermott Affidavit, each noted with the

---

[1] The Proof of Claim provides that claims with aggregate purchase transactions of 1,500 shares or fewer of Immucor common stock could be submitted without supporting documentation but required that claims with aggregate purchase transactions of more than 1,500 shares be supported by documentation.

6

reason for rejection. These claims are recommended for final rejection by the Court and these Claimants would, therefore, receive no distribution from the Net Settlement Fund.

As demonstrated by the McDermott Affidavit, every Claimant whose claim was determined to be invalid was mailed a deficiency and rejection letter. The rejection letter informed such Claimants of the reason for the rejection of their claims, and that, due to the rejection, they would not receive a distribution from the Net Settlement Fund. *See* McDermott Affidavit, Ex. B. Importantly, the rejection letter also informed such Claimants of their right to challenge the rejection of their claims, the procedure for challenging the rejection, and the deadline for submitting a challenge to the rejection of their claims. *Id.* All deadlines for the submission of a notice of dispute have passed. To date, no Claimants whose claims were rejected have indicated a desire to challenge the rejection of their claims.

It should be noted that, while the above description concentrates on those claims that remain rejected, the rejection letter process did allow for Gilardi to obtain information from a number of Claimants allowing for the completion of initially deficient claims. Plaintiffs' Co-Lead Counsel also recommend those previously deficient claims that were completed by Claimants in response to the rejection letters also be allowed and receive a distribution from the Net Settlement

Fund. The valid claims that were cured during the rejection process are included in the "Timely Authorized Claimants" and schedule to Exhibit C-1 of the McDermott Affidavit. In this regard, the timeliness of claims was based upon original submission, and not completion.

As discussed at the December 13, 2007 hearing regarding Plaintiffs' application for an award of attorneys' fees and reimbursement of expenses, a third-party filer entitled RiskMetrics Group filed a claim on behalf of its client Navallier & Associates ("Navallier"), without providing the required Social Security numbers. After several months of communications between Gilardi and Navallier, a resolution was reached whereby Navallier signed a declaration that would allow for the 2,029 claims to be processed in the absence of providing either total or partial Social Security Numbers. *See* McDermott Affidavit at ¶¶ 15-22. Subsequently, Navallier withdrew the 2,029 claims. *Id.* at ¶ 22.

Based upon the foregoing, and the McDermott Affidavit, Plaintiffs' Co-Lead Counsel respectfully request that the Court find that the procedures and methods utilized in the administration, review, processing, validation and calculation of the claims submitted satisfied the requirements of the notice and administration provisions and the plan of allocation set forth in the Stipulation and Notice as approved by the Court.

**REQUEST FOR REIMBURSEMENT OF**
**ADMINISTRATIVE FEES AND EXPENSES**

Paragraph 2.7 of the Stipulation authorizes the payment of administrative fees and expenses. As demonstrated by Exhibit E of the McDermott Affidavit, Gilardi's fees and expenses, including expenses relating to the notice and administration of the Settlement and some estimated final distribution fees, total $215,351. Gilardi agreed with Plaintiffs' Counsel to process the claims herein in consideration of payment of its standard hourly fees. Gilardi's actual hourly fees incurred and to be incurred amount to $86,319, as shown in Exhibit E to the McDermott Affidavit. In the engagement it was also agreed that Gilardi's out-of-pocket expenses would be reimbursed. Gilardi's actual out-of-pocket expenses incurred or expected to be incurred total $129,032, as also shown in Exhibit E to the McDermott Affidavit. These billings have been reviewed by Plaintiffs' Co-Lead Counsel, and these amounts are consistent with the types of expenses generally charged in comparable class actions for the services Gilardi provided.

In accordance with the Court's January 2, 2008 Order Awarding Fees and Reimbursement of Expenses, $91,846 in fees and expenses incurred by Gilardi, which were paid by Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as escrow agent in the first instance, were reimbursed to Coughlin Stoia. Since that time, Coughlin Stoia paid an additional $81,779 in fees and expenses

9

incurred by Gilardi. Coughlin Stoia has reimbursed the settlement fund for such fees and expenses, along with the appropriate amount of interest. As a result, Coughlin Stoia seeks reimbursement of the Gilardi fees and expenses totaling $81,779. Additionally, Plaintiffs respectfully request that the Court enter an Order authorizing payment of $41,726 to Gilardi in payment of the balance of its fees and expenses for its services in, *inter alia*, giving notice to the Class, processing the claims, administering and distributing the Settlement Fund, and preparing and filing tax returns for the Settlement Fund, as outlined in the McDermott Affidavit.

### **REQUEST FOR DISTRIBUTION TO AUTHORIZED CLAIMANTS**

Plaintiffs respectfully request that the Court enter an Order authorizing distribution of the Net Settlement Fund to the Class Members whose claims have been accepted (as listed in Exhibit C-1 to the McDermott Affidavit) in proportion to their Recognized Claims. Plaintiffs also request that the Court enter an Order providing that the distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE," and that Plaintiffs' Co-Lead Counsel and the Claims Administrator be authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time.

Plaintiffs further request that the Court enter an Order providing that the costs

of such services to locate and reissue drafts to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund.

In order to allow the final distribution of the Net Settlement Fund, Plaintiffs request that any further claims against the Net Settlement Fund be barred and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them.

**REQUEST FOR DISPOSITION OF CLAIMS ADMINISTRATOR'S RECORDS**

Plaintiffs' Co-Lead Counsel respectfully request the Court to enter an Order authorizing the Claims Administrator to discard paper or hard copies of the Proof of Claim forms and supporting documents one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data three years after the initial distribution of the Net Settlement Fund to the eligible claimants.

WHEREFORE, based upon the foregoing, Plaintiffs' Co-Lead Counsel respectfully request that the Court enter the accompanying Distribution Order attached hereto as Exhibit 1.

Respectfully submitted this 1st day of July, 2008.

**CHITWOOD HARLEY HARNES LLP**

By:   s/ Meryl W. Edelstein
    Martin D. Chitwood, Ga. Bar No. 124950
    Gregory E. Keller, *Admitted Pro Hac Vice*
    Meryl W. Edelstein, Ga. Bar No. 238919
    2300 Promenade II
    1230 Peachtree Street, NE
    Atlanta, GA 30309
    Tel:  (404) 873-3900
    Fax:  (404) 876-4476
    E-mail:  MEdelstein@chitwoodlaw.com
    E-mail:  MChitwood@chitwoodlaw.com
    E-mail:  GKeller@chitwoodlaw.com

**COUGHLIN STOIA GELLER**
  **RUDMAN & ROBBINS, LLP**
Jack Reise
Douglas Wilens
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Tel:  (561) 750-3000
Fax:  (561) 750-3364

**COUGHLIN STOIA GELLER**
  **RUDMAN & ROBBINS LLP**
Jeffrey D. Light
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  (619) 231-1058
Fax:  (619) 231-7423

**Co-Lead Counsel for Plaintiffs**

## **LOCAL RULE 7.1D CERTIFICATION**

Counsel for Plaintiffs hereby certifies that the text of this brief has been prepared with Times New Roman 14 point, one of the fonts and point selections approved by the Court in Local Rule 5.1B.

                                             s/ Meryl W. Edelstein
                                             Georgia Bar No. 238919
                                             **CHITWOOD HARLEY HARNES LLP**

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2008, I electronically filed "**PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND AND MEMORANDUM IN SUPPORT**" with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

**BONDURANT, MIXON & ELMORE, LLP**
Jeffrey O. Bramlett
Corey F. Hirokawa
Tiana S. Mykkeltvedt
3900 One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

    /s  Meryl W. Edelstein
Georgia Bar Number: 238919
Co-Lead Counsel for Plaintiffs

**CHITWOOD HARLEY HARNES LLP**
2300 Promenade II
1230 Peachtree Street NE
Atlanta, GA  30309
Tel: (404) 873-3900
Fax: (404) 876-4476
E-mail: medelstein@chitwoodlaw.com