# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE IMMUCOR, INC. ) | Civil Action |
| SECURITIES LITIGATION ) | No. 1:05-CV-2276-WSD |

## ORDER REGARDING DISTRIBUTION OF CLASS SETTLEMENT FUND

**AND NOW,** this 25ᵗ day of September , 2008, upon consideration

of Plaintiffs' Motion for Distribution of Class Settlement Fund and Memorandum

in Support and the June 26, 2008 Affidavit of Lara McDermott ("McDermott

Affidavit") of Gilardi & Co. LLC, the Claims Administrator (collectively, the

"Distribution Petition"), and upon the Stipulation of Settlement dated May 14,

2007, (the "Stipulation"), and upon the Order and Final Judgment entered on

September 26, 2007, approving the Stipulation, and upon all prior proceedings

heretofore had herein and after due deliberation, it is hereby ORDERED as

follows:

1.    The administrative determinations of the Claims Administrator

accepting the claims as indicated on the computer printouts submitted with and

described in the McDermott Affidavit and Exhibit C-1, are approved and such

claims are hereby accepted.

2.    The administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout submitted with and described in the McDermott Affidavit and Exhibit C-2 thereto are approved, and such claims are hereby rejected.

3.    The Court approves payment to Gilardi & Co. LLC, the Claims Administrator, in the amount of $41,726 from the Settlement Fund for its fees and in reimbursement of expenses incurred and to be incurred in connection with the administration and disbursement of the Net Settlement Fund (as defined below) and in connection with the taxation of the Settlement Fund.

4.    The Court approves the reimbursement to Coughlin Stoia Geller Rudman & Robbins LLP in the amount of $81,779 in connection with its payment of fees and expenses to Gilardi incurred in connection with the administration and disbursement of the Net Settlement Fund.

5.    The Claims Administrator is directed to distribute the balance of the Settlement Fund after deducting any payments previously ordered by the Court and those set forth herein (the "Net Settlement Fund") to the eligible claimants listed on the computer printouts submitted as Exhibit C-1 to the McDermott Affidavit in proportion to the Recognized Claim allocable to each such eligible claimant.

6.    The Court directs that the distributions to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." The Court authorizes the Claims Administrator to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her or its distribution within said time.

7.    The Court finds that the costs of such services to locate and reissue distributions to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund.

8.    The Court also finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

- 3 -

9.     The Court authorizes the Claims Administrator to discard paper or hard copies of the Proof of Claim forms and supporting documents one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data three years after the initial distribution of the Net Settlement Fund to the eligible claimants.

10.     The Court shall retain jurisdiction over any further application or matter that may arise in connection with this action.

11.     The Court orders that no claim submitted after May 27, 2008 may be accepted for any reason whatsoever.

SO ORDERED, this 25ᵗ of September , 2008

_____
The Honorable William S. Duffey, Jr.
Judge, United States District Court

- 4 -